CHRISTIE STONE, Individually
and on behalf of All Others
Similarly Situated Who Consent to Their
Inclusion in a Collective Action;

    Plaintiff,

v.                                                CASE NO.:

AVMED, INC.,                       COLLECTIVE ACTION
                                                             REPRESENTATION

    Defendant.
_____/

## FLSA COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **CHRISTIE STONE,** individually (collectively referred to herein as "Plaintiff"), and on behalf of all others similarly situated, who consent to their inclusion in this collective action (hereinafter the "Putative Class"), sues the above captioned Defendant, **AVMED, INC.**, pursuant to *29 U.S.C. 216(b)*, the Fair Labor Standards Act (the "FLSA"), for failing to pay Plaintiff and the Putative Class and in support thereof, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over claims under the FLSA pursuant to 29 U.S.C. §216 (b), which states, in relevant part, "[a]n action to recover… may be maintained … in any Federal or State court of competent jurisdiction."

2. This Court has personal jurisdiction over this action, because Defendant is engaged in business throughout the state of Florida and operates substantial business in Hillsborough County, Florida. Additionally, the damages at issue occurred in Hillsborough County, Florida.

3. Venue is proper to this Court pursuant to 29 U.S.C. § 216(b) and Fla. Stat. §47.011, because the acts complained of herein took place in Hillsborough County at Defendant's place of business located at 1511 N West Shore Blvd., Tampa, FL 33607.

## THE PARTIES

4. Defendant, AVMED, INC. (hereinafter "AVMED"), is a Florida Not For Profit Corporation with its principle place of business at 9400 South Dadeland Blvd., Miami, Florida 33156.

5. AVMED's registered agent for service of process in the State of Florida is Steven Ziegler, whose address is 4300 NW 89th Blvd., Gainesville, Florida 32606.

6. AVMED is an employer subject to the FLSA.

## REPRESENTATIVE PLAINTIFF

7. At all times relevant to this action, Representative Plaintiff, Christie Stone (hereinafter "Plaintiff" or "Stone"), resided in Clearwater, Pinellas County, Florida.

8. At all times relevant to this action, Stone was employed by AVMED.

9. Plaintiff was employed by Defendant from approximately November of 2014 until December of 2016 as a "Sales Rep."

10. Plaintiff, and all other members of the proposed collective action, were or are employees of AVMED within the meaning of 29 U.S.C §203(e)(1).

11. Plaintiff was improperly classified by Defendant as an exempt employee. However, Plaintiff's work duties and responsibilities dictate that she should have been classified and compensated as a non-exempt employee under the FLSA.

12. Throughout the course of her employment by AVMED, Plaintiff was routinely denied overtime compensation even though she worked at least 10 hours of overtime every week.

13. For purposes of the Class, Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b).

## REPRESENTATIVE PLAINTIFF, CHRISTIE STONE

14. At all times relevant to this action, Representative Plaintiff, Christie Stone (hereinafter "Stone"), resided in Pinellas County, Florida.

15. At all times relevant to this action, Plaintiff was employed by AVMED.

16. Plaintiff was employed by Defendant from approximately November of 2014 until December of 2016 as a "Sales Rep."

17. Plaintiff, and all other members of the proposed action, were or are employees of AVMED within the meaning of 29 U.S.C §203(e)(1).

18. Plaintiff was improperly classified by AVMED as an exempt employee. However, Plaintiff's work duties and responsibilities dictate that she should have been classified and compensated as a non-exempt employee under the FLSA.

19. Throughout the course of her employment by AVMED, Plaintiff was routinely denied overtime compensation even though she worked at least 10 hours of overtime every week.

20. For purposes of the Class, Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b).

## SUMMARY OF CLASS

21. The class are brought as a collective action to recover from AVMED overtime compensation, liquidated damages, and the costs of reasonable attorney's fees under 29 U.S.C. §216(b), on behalf of the Plaintiff and similarly situated persons composed of:

    a. Sales Representatives who have worked for AVMED in the past **three (3)** years preceding this lawsuit, and who elect to opt-in to this action

pursuant to FLSA, 29 U.S.C. §216 (b) and who worked in excess of forty (40) hours during one or more work weeks.

22. In the course of employment with AVMED during the material time, Plaintiff, and other employees in the asserted Putative Class, regularly worked in excess of forty (40) hours per work week and were not paid overtime compensation at the lawful overtime rate for all of the overtime hours worked, based on Defendant's custom and practice of misclassifying employees as exempt employees.

23. Plaintiff alleges on behalf of herself and the Putative Class that they are entitled to unpaid wages from AVMED for overtime work for which they did not receive overtime compensation, as required by law.

## GENERAL ALLEGATIONS

24. AVMED had a practice and policy of denying its "Sales Reps" overtime pay for hours worked in excess of forty (40) hours per work week.

25. At all material times, AVMED required its "Sales Reps" to work in excess of forty (40) hours a week, misclassifying the Class as exempt employees.

26. Upon information and belief, for the three-year period of time before this filing, (the "Class Period"), the continued violations of the FLSA §207 that are complained of herein have been practiced and imposed upon all "Sales Reps", who have regularly worked in excess of forty hours per week.

27. Plaintiff and the Putative Class are not considered exempt because "[a] job title alone is insufficient to establish the exempt status of any particular employee … [but rather] [t]he exempt or nonexempt status of any particular employee must be determined on the basis of whether

the employee's salary and duties meet the requirements of the regulations in this part." 29 C.F.R. § 541.2.

## GENERAL ALLEGATIONS AS TO
## WHETHER "SALES REPS" WERE EXEMPT

28. Plaintiff and other similarly situated members of the Putative Class, were titled as "Sales Reps". Upon hiring Plaintiff, and other similarly situated members of the Putative Class of "Sales Reps", they were not given any discretion to make any independent decisions related to hiring or firing employees or to create or change policies with respect to the employees they supervised.

29. The Defendant will likely argue to no avail that the Plaintiff and members of the Putative Class of "Sales Reps" are exempt under the executive and administrative exemptions.

30. However, under the FLSA, an executive employee is defined as an employee "who has the authority to hire or fire other employees or whose suggestion and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. §541.100(a).

31. Plaintiff, and similarly situated "Sales Reps" do not qualify for the executive exemption because they did not have the authority to hire or fire other employees.

32. Under the FLSA, an administrative employee is defined as an employee who has "discretion and independent judgment with respect to matters of significance." 29 C.F.R.§541.200. In order to possess such discretion the employee must have the authority to make "independent choice[s], free from immediate direction or supervision…even if their decisions or recommendations are reviewed at a higher level." 29 C.F.R. §541.202(c).

33. Plaintiff and similarly situated "Sales Reps" do not qualify for the administrative exemption because they were not allowed to hire, fire, train, mentor, or discipline any employees without immediate and direct supervision and authority of the Regional Administrators from whom they took their orders.

34. Accordingly, Plaintiff and members of the Class of "Sales Reps" are not exempt from the requirements of overtime, minimum wage, or FLSA.

35. Plaintiff alleges on behalf of herself and the Class of "Sales Reps" that AVMED's failure to pay overtime compensation was knowing and willful. Accordingly, Plaintiff and the Class are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages and attorneys' fees under the FLSA's three year statute of limitations.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

36. Plaintiff brings this action on behalf of the Class as a collective action pursuant to the Fair Labor Standards Act § 216(b).

37. The members of the Putative Class are so numerous that joinder of all members is impracticable. The exact number of the members of the Class is unknown to the Plaintiff at this time, and can only ascertained through appropriate discovery.

38. Plaintiff will fairly and adequately protect the interests of the Putative Class and have retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the Putative Class.

39. Pursuant to 20 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of:

**All persons, who (i) were employed as Sales Reps by AvMed; (ii) are/were not paid or properly paid for all the hours worked in a given work week; (iii) are/were not paid overtime compensation, at a rate not less than one and one-half times the rate at which they are employed, for work performed beyond a forty (40) hour work week; and (iv) who choose to opt-in to this action (the "Collective Action Members"), in the past three years preceding this lawsuit.**

40. Notice of the pendency and any resolution of this action can be provided to Collective Action Members by mail, print, and/or internet publication.

41. Plaintiff brings this action as a collective action pursuant Section 216(b) of the FLSA.

## COUNT I – OVERTIME DUE UNDER THE FLSA
## FOR THE "PUTATIVE CLASS"

42. The Plaintiff readopts and reallege the allegations set forth in paragraphs one (1) through forty-one (41) as if fully set forth herein, and further alleges:

43. Plaintiff brings this FLSA claim on behalf of themselves and all other similarly situated current and/or former employees of AvMed who work or have worked for AvMed as Sales Reps at any time in the three (3) years preceding this filing.

44. At all relevant times, AvMed has been and continues to be an employer engaged in commerce and/or the productions of goods for commerce within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, AvMed employed Plaintiff and the Putative Class within the meaning of the FLSA.

46. At all relevant times, Plaintiff and the Putative Class worked overtime regularly.

47. As stated herein, AvMed has a policy and practice of refusing to pay overtime compensated to its Sales Reps for the hours worked in excess of forty (40) hours per work week.

48. AvMed failed to compensate Plaintiff and the Putative Class for overtime hours they regularly worked.

49. AVMED'S failure to pay Plaintiff and the Putative Class an overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour work week, is a violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

50. AVMED has not made a good faith effort to comply with the FLSA and the overtime compensation requirements with respect to Plaintiff and the Putative Class. AVMED'S violations of the FLSA are willful and deliberate.

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Due to AVMED's FLSA violations, Plaintiff and the Putative Class have suffered damages and are entitled to recover from AVMED the unpaid overtime compensation, and an additional amount equal as liquidated damages, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for:

a. A Declaration that AVMED has violated the FLSA;

b. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to §216(b) and that this notice be sent to all past and present employees of Defendant at any time during the three (3) year period immediately preceding the filing of

this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

c. An order appointing Plaintiff and their counsel to represent the Putative Class;

d. Imposition of a Constructive Trust on any amount by which AVMED was unjustly enriched at the expense of the Putative Class as the result of the actions described above;

e. An order enjoining AVMED from any further violations of the FLSA;

f. For all wages and double as liquidated damages;

g. Interest;

h. An order awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

i. That the Court finds AVMED in violation the overtime provisions of the FLSA;

j. That the Court find that Defendant's violation of the FLSA were and are willful;

k. That the Court enjoin Defendant, pursuant to 29 U.S.C. § 217, from withholding future payment of compensation owed to members of the Putative Class;

l. That the Court award Plaintiff and members of the Putative Class overtime compensation for all the previous hours worked over forty (40) hours, that they did not receive at least one and one-half time compensation for, in any given week during the past three years, AND liquidated damages of an equal amount of the minimum compensation; in addition to penalties and interest on said award pursuant to § 216 of the FLSA;

m. That the Court award Plaintiff a collective action representative fee for their efforts and time dedicated to bringing justice through this action; AND

n. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated this 6th day of February, 2017.

*/s/ Mitchell L. Feldman, Esq.*
MITCHELL L. FELDMAN, ESQUIRE
Florida Bar No.: 0080349
MITCHELL L. FELDMAN, ESQ., P.A.
18801 N. Dale Mabry Hwy. #563
Tampa, Florida 33548
Tele: (813) 639-9366
Fax: (813) 639-9376
Email: mlf@feldmanlegal.us
Attorneys for the Representative Plaintiff,
and the Plaintiff Class