UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO.: 17-CV-00310-CEH-TBM

CHRISTIE STONE,       )
Individually and on behalf of all others  )
similarly situated who consent to their inclusion, )
            )
   Plaintiff,      )
            )
v.            )
            )
AVMED, INC.,       )
            )
   Defendant.     )
_____)

**JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE
AND MOTION TO APPROVE SETTLEMENT**

The Plaintiff, CHRISTIE STONE ("Plaintiff"), and the Defendant, AVMED, INC. ("Defendant") by and through their undersigned counsel, hereby stipulate to the dismissal with prejudice of this action in its entirety pursuant to the Federal Rules of Civil Procedure, subject to the Court's approval of their settlement.

The Parties jointly move the Court for entry of an Order approving the Parties' settlement and for dismissal of this action, with prejudice. To facilitate the Court's review of the Parties' settlement agreement (the "Agreement"), a copy of the executed Agreement is attached hereto.

**I. Background**

Plaintiff asserts a claim in this action for alleged unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), among other claims.

Defendant denies Plaintiff's claim asserting, *inter alia*, that Defendant paid Plaintiff all compensation to which she was entitled and asserting that Plaintiff was exempt. In support of its

contention, Defendant provided to Plaintiff's counsel substantial information regarding the nature of Plaintiff's relationship with Defendant and her work responsibilities, which raised doubts as to the viability of Plaintiff's claims.

From the onset of this litigation, the Parties laid out their respective positions on the facts and law, exchanging case law and discussing their respective positions on the application of current law to the facts of this dispute. Ultimately, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the attached Settlement Agreement.

## II.     Legal Principles

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees.  First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a judgment approving the fairness of the settlement.  *Id.; see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).  In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable comprise of disputed issues than a mere waiver

of statutory rights brought by an employer's overreaching.  If a compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA wage claim.  The proposed settlement arises out of an action brought by the Plaintiff against her former employer and which action is adversarial in nature. During the litigation and settlement of this action, Plaintiff was and is represented by experienced counsel.

The Parties' settlement of the unpaid wage claim is the result of a bona fide compromise between them on a variety of disputes of law and fact, including without limitation: (a) whether Plaintiff was exempt from overtime; (b) whether Plaintiff worked any compensable time without compensation, (c) whether Plaintiff worked time over forty hours in many weeks, which was not *de minimis*, but was not compensated at overtime rates for such time (assuming overtime pay was even required), (d) whether the half time or time and a half rate applied to any overtime, (e) whether Defendant's actions were non-willful and taken in good faith; and (f) whether Defendant substantially overpaid Plaintiff for certain days Plaintiff did not work.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  The Parties engaged in detailed settlement discussions, through their counsel, during which they discussed the viability of Plaintiff's claims and formulated their own proposed settlement figures.  The Parties continued to engage in settlement discussions based upon their independent calculations.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations, and agree that the terms of the settlement are fair and equitable under the

circumstances. The Parties agree that the settlement adequately compensates Plaintiff for any potential wage claims, and for the release signed by the Plaintiff.

As per *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), the parties first reached a settlement on the amount of wages to be paid to Plaintiff.  Then, the parties separately negotiated a fair and reasonable compromise of the Plaintiff's attorney's fees and costs to be paid such that the amount of the fees and costs did not impact the amount of wages the Defendant agreed to pay to the Plaintiff.

Plaintiff was counseled and represented by her attorneys through the litigation and settlement process, and the Settlement Agreement has been signed by all Parties.

## III.    Conclusion

The Parties jointly request that this Court approve the Parties' settlement and request that the Court dismiss this action with prejudice, reserving jurisdiction to enforce the terms of the settlement.


Respectfully submitted,


By: __s/Mitchell L. Feldman___
Mitchell L. Feldman, Esq.
Florida Bar No. 0080349
E-mail: mlf@feldmanlegal.us
MITCHELL L. FELDMAN, ESQ., P.A.
18801 n. Dale Mabry Hwy., #563
Tampa, FL 33548
Telephone: (813) 639-9366
Facsimile: (813) 639-9376
*Attorneys for Plaintiff*

By:____s/Mendy Halberstam_____
Pedro P. Forment, Esq.
Florida Bar No. 61026
E-mail: pedro.forment@jacksonlewis.com
Mendy Halberstam, Esq.
Florida Bar No. 68999
E-mail: mendy.halberstam@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: 305-577-7600
Facsimile:  305-373-4466
*Attorneys for Defendant*

CASE NO.: 17-CV-00310-CEH-TBM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

s/ Mendy Halberstam
Mendy Halberstam, Esq.

## SERVICE LIST

**United States District Court for the Middle District of Florida**
*Christie Stone v. AvMed, Inc.*

### Case No. 17-CV-00310-CEH-TBM

Mitchell L. Feldman, Esq.
Florida Bar No. 0080349
E-mail: mlf@feldmanlegal.us
MITCHELL L. FELDMAN, ESQ., P.A.
18801 n. Dale Mabry Hwy., #563
Tampa, FL 33548
Telephone: (813) 639-9366
Facsimile: (813) 639-9376

*Attorneys for Plaintiff*

Pedro P. Forment, Esq.
Florida Bar No. 61026
E-mail: pedro.forment@jacksonlewis.com
Mendy Halberstam, Esq.
Florida Bar No. 68999
E-mail: mendy.halberstam@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: 305-577-7600
Facsimile:  305-373-4466

*Attorneys for Defendant*

4841-6812-9605, v. 1

## SETTLEMENT AGREEMENT

This Settlement Agreement regarding claims arising under the Fair Labor Standards Act ("Agreement") is entered into by and between **Christie Stone ("Employee")** and **AvMed, Inc. ("Employer").** Employee and Employer are hereinafter collectively referred to as the "Parties." This Agreement shall be effective on the date that its execution is completed ("Effective Date").

## RECITALS

**WHEREAS,** Employee filed a lawsuit in federal court against Employer currently pending in the United States District Court for the Middle District of Florida, styled as Christie Stone v. AvMed, Inc., Case No. 17-CV-00310-CEH-TBM ("Litigation").

**WHEREAS,** Employer and Employee desire to fully and finally resolve all differences between them regarding the Litigation through the Effective Date of this Agreement;

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions which constitute full settlement of any and all disputes between them:

      **1.**    **Recitals:**  All of the foregoing recitals are true and correct and are incorporated herein by reference.

      **2.**    **Consideration.**  In consideration for signing this Agreement and complying with its terms, Employer agrees:

    a. to pay to Employee a total sum of **Eight Thousand Four Hundred Seventy Dollars and Zero Cents ($8,470.00)** (the "Settlement Amount") within ten (10) calendar days after the latter of (i) Employer's receipt of an original of this Agreement signed by Employee; (ii) Employer's receipt of a Form W-9 from Employee's counsel and a Form W-4 from Employee; and (iii) submission of a Joint Motion To Approve Settlement and entry of an Order Approving Settlement and of Dismissal of Employee's claims in the Litigation. The amount set forth in this paragraph is to be mailed or delivered to Employee's counsel and shall be paid as follows:

        i. One check in the amount of **Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00),** less lawful payroll withholdings and deductions, by check made payable to Christie Stone, in full satisfaction of any and all claims Employee has or may have, known or unknown, for unpaid wages or overtime. A Form W-2 shall be issued which reflects this sum and Employee shall provide Employer with a Form W-4.

        ii. One check payable to Christie Stone in the amount of **Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00),** representing compensatory,

_____/_____
Initials/Date

1

liquidated and all other damages Stone seeks.  Employer shall report the payment on an IRS 1099-MISC form; and

iii.    A check in the amount of **Three Thousand Four Hundred Seventy Dollars and Zero Cents ($3,470.00)**, made payable to Employee's counsel, Mitchell L. Feldman, Esq., P.A., in full satisfaction for any and all claims Employee may have for attorney's fees and costs.  A Form 1099 shall be issued to Employee and Mitchell L. Feldman, Esq., P.A. tax identification number 81-3730742 which reflects this sum.

**3.**    **Tax Indemnification.**  Employee agrees to and does indemnify, defend and hold Employer harmless for any federal, state and local tax liability, including taxes, interest, penalties or the like, and required withholdings, which may be or is asserted against or imposed upon Employer by any taxing authority based upon the Settlement Amount and shall pay to Employer upon demand all reasonable attorneys' fees and costs incurred by Employer related thereto.

**4.**    **No Consideration Absent Execution of this Agreement.**  Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "2" above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein.

**5.**    **Release.**  Employee knowingly and voluntarily releases and forever discharges Employer, and its heirs, executors, administrators, successors, assigns, parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, co-employers, and their current and former employees, attorneys, officers, directors, board members, members, managers, shareholders, partners, owners and agents, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Employee has or may have against Releasees as of the date of execution of this Agreement for unpaid wages under any federal, state or local law, including, but not limited to, any claims relating to Employee's claim in the Litigation, which have arisen or could have arisen prior to the date of this Agreement.  Employee agrees that this waiver and release shall be construed as broadly as possible and shall include, without limitation: (1) any claims arising under the Fair Labor Standards Act of 1933, as amended; the Florida Minimum Wage Act; and Florida Statute § 448.08; and (2) claims for costs, fees or other expenses, including attorney's fees, related to Employee's Claims in the Litigation.

If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Releasees identified in this Agreement is a party.

**6.**    **Governing Law and Interpretation.**  This Agreement shall be governed and conformed in accordance with the laws of Florida without regard to its conflict of laws

03, 3/21/17
Initials/Date

2

provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

   **7.**   **Nonadmission of Wrongdoing.**   The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

   **8.**   **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

   **9.**   **Entire Agreement.**   This Agreement sets forth the entire agreement between the Parties hereto regarding its subject matter, and fully supersedes any prior agreements or understandings between the Parties regarding its subject matter, except the Parties' separate Separation Agreement and any restrictive covenant or non-disclosure agreements, which agreement shall remain in full force and effect. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement.

   **10.**   **Counterparts.** This Agreement may be executed in separate counterparts, each of which will be deemed to be an original and all of which taken together will constitute one and the same agreement. Facsimiles and electronic copies of signatures shall be deemed as effective as an original.

   **11.**   **No Strict Construction.** The language used in this Agreement shall be deemed to be the language mutually chosen by the Parties to reflect their mutual intent, and no doctrine of strict construction shall be applied against any Party.

   **12.**   **Time to Review.**   Employee acknowledges that Employee has been provided with a reasonable time period within which to decide whether to sign this Agreement. Employee acknowledges that Employee has carefully read and understands this Agreement and agrees that Employer has not made any representations other than those contained herein. Employee also acknowledges that Employee enters into this Agreement voluntarily, without any pressure or coercion, and with full knowledge of its significance, and that it constitutes a full and absolute settlement and bar as to any and all wage claims Employee had, has, or may have against Employer and the Released Parties, including Employee's claims in the Litigation. Employee further acknowledges that Employee has consulted with an attorney prior to signing this Agreement and that Employee has had the opportunity to negotiate regarding the terms of this Agreement.

                 _____ / 3/21/17

                  Initials/Date

3

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES AS SPECIFIED HEREIN**

**CHRISTIE STONE**                          **AVMED, INC.**

By: _Christie Stone_                        By: _____
    Christie Stone

                                            Title: _SVP General Counsel_

Date: _3|21|17_                             Date: _3/23/17_

    4814-5978-8869, v. 1

                                            _Initials/Date  3|21|17_

4